UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARANPREET SINGH,<br><br>   Petitioner,<br><br>   v.<br><br>ORESTES CRUZ, San Francisco Field Office Director, U.S. Immigration and Customs Enforcement; CHRISTOPHER CHESTNUT, Warden of California City Detention Center,<br><br>   Respondents. | No. 1:26-cv-01044-KES-EPG (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 2 |

Petitioner Taranpreet Singh is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 2. The Court has previously addressed the legal issues raised by the petition. *See, e.g.*, *Luz Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in *Luz Marina V.N. v. Robbins*, *Elmer Joel M. C. v.*

1

1  *Wofford*, *Clene C.D. v. Robbins*, *Bilal A. v. Wofford*, and *W.V.S.M. v. Wofford*, and that would
2  justify denying the petition. Doc. 6. Respondents "confirm that this case poses the same legal
3  and factual issues as the cases cited in the Court's order." Doc. 8 at 1. While respondents oppose
4  the petition, they do not raise any new arguments. *See id.* at 1–2.[1]

5      As respondents have not made any new legal arguments and have not identified any
6  factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Luz*
7  *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal.
8  Dec. 21, 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL
9  3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC),
10 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK
11 (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), and *W.V.S.M. v. Wofford*, No. 1:25-CV-
12 01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), the petition for writ of
13 habeas corpus is GRANTED, for the reasons addressed in those prior orders.
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /

---

[1] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which concerns whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection and who were not apprehended by immigration authorities before their detention in 2025, or *Benavides Carballo v. Andrews*, No. 25-6533 (9th Cir.), which concerns an as-applied constitutional challenge to detention under § 1226(c). *See* Doc. 8 at n.1. In contrast, petitioner is not subject to § 1226(c) and immigration officials previously released him after implicitly determining that he did not pose a flight risk or a danger, and the issue is whether the Due Process Clause requires a pre-deprivation hearing prior to his re-detention. Given the different circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance.

1     Respondents are ORDERED to release petitioner immediately.  Respondents are
2 ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear
3 and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that
4 petitioner is a flight risk or danger to the community such that his physical custody is legally
5 justified.

6     The Clerk of Court is directed to close this case and enter judgment for petitioner.

8 IT IS SO ORDERED.

9     Dated:  February 11, 2026

                                                            UNITED STATES DISTRICT JUDGE